**United States District Court**
For the Northern District of California

1

2

3

4

5

6                IN THE UNITED STATES DISTRICT COURT

7            FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9   SUZANNE BESAG, on behalf of herself and
    others similarly situated,
10                                              No. CV08-05463 JSW
                    Plaintiff,
11                                              **ORDER GRANTING**
        v.                                      **DEFENDANT'S MOTION TO**
12                                              **TRANSFER VENUE TO THE**
    CUSTOM DECORATORS, INC., an Oregon          **DISTRICT OF OREGON**
13  corporation; and DOES 1 through 100,
    inclusive,
14
                    Defendants.
15
    _____/
16

17        Now before the Court is Defendant Custom Decorators, Inc.'s ("CDI") motion to

18  transfer venue to the United States District Court for the District of Oregon pursuant to 28

19  U.S.C. § 1404(a).  Having carefully reviewed the parties' papers and considered their arguments

20  and the relevant legal authority, and good cause appearing, the Court hereby GRANTS

21  Defendant's motion to transfer venue.  The Court finds this matter suitable for disposition

22  without oral argument.  N.D. Civil L.R. 7-1(b).  Therefore, the hearing set for February 13,

23  2009 at 9:00 a.m. is HEREBY VACATED.

24                              **BACKGROUND**

25        On October 15, 2008, Plaintiff Suzanne Besag ("Besag") filed a class action against

26  CDI, alleging that CDI misclassified her, and a class of others similarly situated, as independent

27  contractors rather than employees.  (Def.'s Notice of Removal at 1, 3.)  On December 4, 2008,

28  CDI removed this case from the California Superior Court in San Francisco pursuant to the

1   Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  CDI then filed the instant motion,

2   seeking transfer to the District of Oregon pursuant to a forum selection clause in the parties'

3   Independent Contractor Agreement.  Besag opposes CDI's motion to transfer, and argues that

4   enforcement of the forum selection clause would be unreasonable and unjust.

5        Besag is a resident and citizen of California.  CDI is an Oregon corporation with its

6   headquarters in Portland, Oregon.  In her complaint, Besag raises five causes of action under the

7   California Labor Code: (1) failure to pay overtime compensation; (2) waiting time penalties; (3)

8   failure to provide rest periods; (4) failure to allow meal periods; and (5) failure to provide

9   properly itemized wage statements.  (Def.'s Notice of Removal, Ex. A.)  In addition, Besag

10  claims that CDI's actions constitute unlawful and unfair business practices in violation of

11  California Business and Professions Code sections 17200, *et seq.*  (*Id.*)

12       CDI provides design and decorating services to homeowners and businesses, and hires

13  demonstrators to promote its services in retail stores.  (Janice L. McCaffrey Declaration ¶¶ 1-2.)

14  These demonstrators sign an Independent Contractor Agreement stating that they are

15  independent contractors, and not employees of CDI.  (*Id.* at ¶ 2.)  Besag entered into an

16  Independent Contractor Agreement ("the Agreement") with CDI on February 21, 2007, and

17  worked as a demonstrator for CDI at a Costco in Santa Clara, California, from February 2007

18  until February 2008.  (*Id.* at ¶ 3.)

19       In addition to indicating that Besag was not an employee of CDI, the Agreement also

20  contains a forum selection clause and choice of law provision, providing:

21      4.  Governing Law, Venue.  This Agreement shall be governed by, and construed
    in accordance with, the laws of the state of Oregon, without giving effect to its
22  conflict of laws provisions. The parties consent to the exclusive jurisdiction of
    state and federal courts located in Multnomah County, Oregon with respect to all
23  actions relating to this Agreement.

24  (*Id.*, Ex.1.)

25       The Court will address additional specific facts as required in the analysis.

26

27

28

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

**ANALYSIS**

**A.      Forum Selection Clauses are Presumptively Valid.**

The issue before the Court is whether it should enforce the forum selection clause in the Agreement.  In the Ninth Circuit, forum selection clauses in diversity cases are analyzed under federal law.  *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 513 (9th Cir. 1988). Forum selection clauses are presumptively valid unless the party challenging enforcement can demonstrate that the clause is invalid or that its enforcement would be unreasonable.  *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004).  The party challenging the clause bears a heavy burden and "must clearly show that enforcement would be unreasonable or unjust, or that the clause was invalid for reasons such as fraud or over-reaching." *Id*. (quoting *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)).

Besag contends that the forum selection clause should not be enforced because it is unreasonable and unjust.  Case law identifies three circumstances that make enforcement of a forum selection clause unreasonable or unjust: (1) if the clause is the product of fraud or overreaching; (2) if the party wishing to repudiate the clause would effectively be deprived of his/her day in court; or (3) if enforcement would contravene a strong public policy of the forum in which suit is brought.  *Id*. (citations and quotation marks omitted).

Here, Besag challenges enforcement on the basis that (1) her statutory claims under California law are not "inextricably intertwined" with the construction and enforcement of the Agreement; (2) the forum selection clause contravenes California public policy so that she and the class would effectively be denied their day in court; and (3) enforcement would cause inconvenience to her and the class.  The Court considers each of these challenges in turn.

**1.      Besag's Statutory Claims are Sufficiently Related to the Agreement.**

Besag contends this case should not be transferred to Oregon pursuant to the forum selection clause because the Agreement is irrelevant in determining her employment status. (Opp. at 4.)  Forum selection clauses apply to statutory claims under state law if the claims are "inextricably intertwined with the construction and enforcement of the parties' agreement." *Arreguin v. Global Equity Lending, Inc*., No. C 07-06026 MHP, 2008 WL 4104340, at *4 (N.D.

United States District Court
For the Northern District of California

1    Cal. Sept. 2, 2008) (quoting *Olinick v. BMG Entertainment*, 138 Cal. App. 4th 1286, 1294,

2    1299-1300 (Cal. App. 2006)) (internal quotation marks omitted).  CDI, by contrast, argues that

3    Bessag's statutory claims are inextricably intertwined with the construction and enforcement of

4    the Agreement, because such claims turn on whether Besag can repudiate the Agreement by

5    stating she is an employee.  (Mot. at 4.)

6         Besag's assertion that the issue of whether she is an independent contractor will be

7    resolved without regard to the Agreement presupposes that California law will be applied.

8    While California law gives written agreements little, if any, weight when determining a

9    worker's status, Oregon law (the governing law chosen by the parties) gives "evidentiary value"

10   to a written agreement acknowledging independent contractor status, although such an

11   agreement is not controlling.  *Compare S.G. Borello & Sons, Inc. v. Dep't of Indus. Relations*,

12   48 Cal. 3d 341, 349 (Cal. 1989) (holding the determination of independent contractor or

13   employee status is a determination of fact and that the label the parties place on the relationship

14   is not dispositive), *with Jenkins v. AAA Heating & Cooling*, 421 P.2d 971, 972 (Or. 1966)

15   (holding that language in a written agreement concerning independent contractor status has

16   evidentiary value as it relates to the relationship between the parties, but is not necessarily

17   controlling).

18        The issue here is whether Besag's claim that she is an employee, and not an independent

19   contractor, concerns the interpretation and enforcement of the Agreement.  Contrary to Besag's

20   contention that her status is irrelevant to the construction of the Agreement she entered into

21   with CDI, this Court, in an analogous case, recently explained that the issue of independent

22   contractor status is related to the parties' written agreement.  *Narayan v. EGL, Inc*., No. C-05-

23   04181 RMW, 2007 WL 2021809, at *4 (N.D. Cal. Jul. 10, 2007).  In *Narayan*, this Court

24   rejected the plaintiffs' argument that their claims under the California Labor Code fell outside

25   the scope of a choice of law provision, explaining that "because plaintiffs' claims necessarily

26   turn on the issue of whether plaintiffs were or were not independent contractors, their claims

27   concern the interpretation and enforcement of their contracts."  *Id.*  Just as in this case, the

28   applicable state law in *Narayan*, as designated by the parties, took written acknowledgment of

4

independent contractor status into consideration when determining whether or not a worker was to be considered an independent contractor or employee. *Id*. Written acknowledgment of independent contractor status, while not controlling, does have evidentiary value in Oregon, the applicable law provided by the parties' agreement. While the same written acknowledgment is certainly not controlling under California law, the Court does not read the California case in *Borello* to stand for the proposition that Besag urges upon the Court that such agreements are irrelevant. (Opp. at 4.) Regardless of how much weight, if any, California accords such agreements, the basis of Besag's argument erroneously concerns the validity of the choice of law provision, and not the forum selection clause, as further addressed below. Assuming that Oregon law applies, the Agreement may be used to determine the true nature of the parties' relationship. Thus, the Court finds that Besag's statutory claims relating to her assertion that she was in fact an employee are inextricably intertwined with the construction and enforcement of the Agreement.

### 2.     Enforcement of the Forum Selection Clause will not Contravene California Public Policy.

Besag's primary argument against enforcement of the forum selection clause is that it contravenes California's strong public policy of providing damages to employees who have been deprived of their meal and/or rest periods. *See* California Labor Code § 226.7(b). Equivalent damages are not available under Oregon law. Thus, Besag contends, transfer to Oregon would foreclose her ability to bring these wage claims, undermining an important public policy of the California Labor Code.

The elimination of her claims, Besag further argues, would deprive her of her day in court. Notably, Besag provides no case law in support of her assertion that the elimination of claims is "a basis alone to deny transfer." (Opp. at 6.) In fact, the Ninth Circuit has held that the loss of a claim is insufficient to invalidate a forum selection clause based on public policy grounds. *See Fireman's Fund Ins. Co. v. M.V. DSR Atlantic*, 131 F.3d 1336, 1338 (9th Cir. 1997) (finding the loss of the right to bring *in rem* proceedings in Korea was insufficient to invalidate a forum selection clause). While this argument may be relevant in the context of challenging the

United States District Court

For the Northern District of California

1  validity of a choice of law provision (which Besag is not precluded from doing), in the context

2  of this motion the Court only examines public policy as it relates to venue.

3      In order for Besag to prevail on her claim that enforcement of the forum selection clause

4  would contravene California public policy, she must demonstrate that the public policy

5  underlying the Labor Code relates to venue.  A forum selection clause determines where the

6  case will be heard, it is "separate and distinct from choice of law provisions that are not before

7  the court."  *Multimin USA, Inc. v. Walco Int'l Inc.*, No. CV F 06-0226 AWI SMS, 2006 WL

8  1046964, at *6 (E.D. Cal. April 7, 2006).  The Ninth Circuit has found the loss of a claim to

9  violate public policy, but the underlying public policy explicitly related to venue.  *See, e.g.,*

10  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (holding that enforcement of

11  a forum selection clause in a franchise agreement violated California's public policy because

12  the California Business and Professions Code explicitly provided that any provision in such an

13  agreement restricting venue was void).  Thus, a party challenging enforcement of a forum

14  selection clause may not base its challenge on choice of law analysis.  *See Swenson v. T-Mobile*

15  *USA, Inc*., 415 F. Supp. 2d 1101, 1104 (S.D. Cal. 2006) (rejecting plaintiff's challenge to a

16  forum selection clause on the basis that transfer would arguably lead to the application of

17  Washington substantive law in violation of California's public policy against noncompete

18  covenants in employment agreements).  Indirect attacks based on what substantive law will

19  ultimately apply to a party's claims are problematic because they require courts to speculate as

20  to the "potential outcome of the litigation on the merits in the transferee forum" and to consider

21  "whether that outcome would conflict with a strong public policy of the transferor forum at the

22  outset of the action."  *Id*. at 1105 (quoting *Manchester v. Arista Records, Inc.*, No. CV 81-2134-

23  RJK, 1981 U.S. Dist. LEXIS 18642, at *15 (C.D. Cal. Sept. 16, 1981)) (internal quotation

24  marks omitted).  Thus, simply because Oregon ostensibly provides less favorable remedies

25  compared with California is not sufficient in and of itself to invalidate the forum selection

26  clause.  Here, Besag presents no evidence that the public policy underlying her claim expressly

27  relates to venue, but instead focuses on how application of Oregon substantive law would

28

1   eliminate her ability to recover damages for missed meal and rest periods.  This argument fails

2   to challenge the parties' forum selection explicitly, and instead improperly speculates as to how

3   the transferee forum would ultimately resolve the issue of what substantive law should be

4   applied to Besag's claims.  Accordingly, Besag fails to demonstrate how transfer of this case

5   would contravene an express California public policy underlying the Labor Code as it relates

6   specifically to venue.[1]

### 3.   Enforcement of the Forum Selection Clause will Not Sufficiently Inconvenience Besag or the Other Potential Parties.

Finally, Besag briefly argues that transfer to Oregon would be inconvenient for the

potential parties and witnesses in this class action.  Besag contends that the nearly 600 potential

class members will be inconvenienced if the case is transferred from California to Oregon, and

that the "interests of justice" under 28 U.S.C. § 1404(a) are best served by keeping the case in

California.  However, there is a distinction between "the inconvenience necessary to establish

unreasonableness of a forum selection clause and the balancing of convenience appropriate in a

change of venue or *forum non conveniens* motion." *Pelleport Investors, Inc. v. Budco Quality

Theatres*, 741 F.2d 273, 281 (9th Cir. 1984).  Thus, when analyzing a claim of inconvenience in

the context of a forum selection clause, the Ninth Circuit has rejected reliance on the traditional

*forum non conveniens* balancing test.  *Mahoney v. DePuy Orthopaedics, Inc*., No. CIV F 07-

1321 AWI SMS, 2007 WL 3341389, at *9 (E.D. Cal. Nov. 8, 2007).  Instead, where a forum

selection clause is at issue, the challenging party must satisfy a heavy burden, and show that it

would be "so difficult and inconvenient that the party would effectively be denied a meaningful

day in court." *Id*. (citing *Bremen*, 407 U.S. at 18).  Being forced to travel, by itself, has not

been found to satisfy this heavy burden.  *Pelleport*, 741 F.2d at 281 (noting that being forced to

travel from the East Coast to California did not equate to the plaintiff being denied a meaningful

day in court).  Instead, the party challenging the forum selection clause must show something

more.  *See Murphy*, 362 F.3d at 1143 (concluding that a combination of alleged financial

---

[1] Transferring this case to Oregon does not foreclose Besag's ability to challenge the choice of law provision in the Agreement.  Besag may still raise the issue, and the district court in Oregon, should it determine that California law does apply, is fully competent to apply California law.

United States District Court
For the Northern District of California

hardship and disabling conditions would preclude a plaintiff based in Oregon from having his day in court if forced to litigate in Wisconsin).  Given this standard, Besag's claim of inconvenience, based solely on being forced to travel from California to bordering Oregon, is not sufficient to establish the denial of a meaningful day in court.

## CONCLUSION

For the foregoing reasons, the Court GRANTS CDI's motion to transfer venue and hereby transfers the case to the District of Oregon.  The Clerk is directed to transfer this case forthwith.

**IT IS SO ORDERED.**

Dated:  February 10, 2009

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

8